**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUNG VANNGO,<br><br>Plaintiff,<br><br>v.<br><br>ASHORE CORP. and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 7:26-cv-6856<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Hung Vanngo, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has

a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Hung Vanngo is an individual and professional celebrity make-up artist by trade.

6. Defendant, Ashore Corp. ("Ashore" or "Defendant") is a New York business corporation with a principal place of business in Larchmont, New York.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

9. Hung Vanngo is a highly successful and popular celebrity makeup artist.

10. Vanngo's client list includes actors, musicians, and other major celebrities such as Selena Gomez, Emily Ratajkowski, Jennifer Lawrence, Julianne Moore, Cara Delevingne, and Bella Hadid.

11. As part of documenting and promoting his work, Vanngo captures photographs of his clients and publishes them to his Instagram account.

12. Hung Vanngo is the sole author and exclusive rights holder to a close-up photograph of model Rosie Huntington-Whiteley, after having her makeup done by Hung Vanngo (the "Model Photograph").

13. Attached hereto as Exhibit A is a true and correct copy of the Model Photograph.

14. Hung Vanngo registered the Model Photograph with the United States Copyright Office under Registration Number VA 2-241-688 with an Effective Date of Registration of January 26, 2021.

15. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate for the Model Photograph.

16. According to their website, Ashore is an online retail business selling fashion for men, women, and children, including custom-tailored garments and accessories. *See generally* ashoreshops.com.

17. Ashore manages, operates, and controls the website ashoreshops.com ("Defendant's Website").

18. On information and belief, Defendant's Website generates content in order to promote Defendant(s)' products and services, attract social media followers, and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

19. At all relevant times, Defendant's Website was readily accessible to the general public throughout New York, the United States, and the world.

20. On or about August 28, 2025, Hung Vanngo discovered his Model Photograph copied and published on Defendant's Website, as part of a listing selling eyeglasses ("Infringing Use").

21. Attached hereto as Exhibit C is a true and correct screenshot from Defendant's Website showing the Infringing Use.

22. Hung Vanngo has never at any point granted Ashore a license or other permission to copy, display, distribute, or otherwise use the Model Photograph on Defendant's Website or any other platform.

23. Ashore, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Model Photograph to Defendant's Website without Hung Vanngo's consent or authorization.

24. Vanngo is informed and believes that the purpose of the use of the Model Photograph on Defendant's Website was to promote and encourage sales of the products that Defendant was recommending by providing a high-quality, professionally-produced photograph to assist the viewer in visualizing the results that could be achieved by purchasing and wearing the recommended products.

25. Vanngo is informed and believes Defendant, including its employees, agents, contractors or others over whom it has responsibility and control, used, displayed, published, and otherwise held out to the public Vanngo's original and unique Model Photograph in order to acquire a direct financial benefit, through revenue from the sales of the recommended products.

26. On information and belief, Defendant's use of the Model Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Model Photograph on Defendant's Website or in any other way.

27. Soon after discovering the Defendant's infringement of the Model Photograph, Hung Vanngo, through counsel, reached out to Defendant to have the Infringing Use removed and to attempt to resolve this matter without court intervention, but Defendant was unresponsive.

28. As of August 4, 2026, the Model Photograph is still in use on the Defendant's Website, despite Plaintiff's repeated attempts to reach Defendant and inform them of the Infringing Use.

29. Attached hereto as Exhibit D is a true and correct screenshot, showing the Infringing Use on August 4, 2026 ("Continued Use").

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

30. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Model Photograph.

32. Defendant, including its employees, agents, contractors or others over whom it has responsibility and control, copied and uploaded the Model Photograph to Defendant's Website without Hung Vanngo's consent or authorization.

33. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Model Photograph in violation of Title 17 of the U.S. Code, in that they used, copied, published,

communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Model Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Use on Defendant's Website.

34. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon his rights in his copyrighted Model Photograph in violation of Title 17 of the U.S. Code because, inter alia, Defendants new or should have known that they did not have a legitimate license to use the Model Photograph.

35. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount pursuant to 17 U.S.C. § 504(c).

36. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

37. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Model Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For prejudgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: August 11, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff Hung Vanngo hereby demands a trial by jury in the above matter.

Dated: August 11, 2026

Respectfully submitted,

**/s/ Taryn Rose Murray**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne Ave., Suite 200
N. Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*