UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUNG VANNGO,<br><br>Plaintiff,<br><br>-against-<br><br>ASHORE CORP., et al.,<br><br>Defendants. | **ORDER**<br><br>26-CV-06856 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Hung Vanngo ("Plaintiff") commenced this action against Ashore Corp. and Does 1 through 10 ("Defendants") on August 11, 2026. (Doc. 1). Defendant Ashore Corp. was served via the New York Secretary of State on August 31, 2026. (Doc. 8). Defendant Ashore Corp.'s time to respond to the complaint expired on September 21, 2026, *see* Fed. R. Civ. P. 12(a), and, to date, Defendant Ashore Corp. has not responded to the complaint.

Plaintiff filed a "Request for Entry of Default" against Defendant Ashore Corp. on September 28, 2026. (Doc. 9). Shuo Gao, the purported owner of Defendant Ashore Corp., subsequently filed a letter-motion seeking an extension of time for Defendant Ashore Corp. to respond to the complaint. (Doc. 10). It is axiomatic that a corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear *pro se*. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22-23 (2d Cir. 1983).

Accordingly, Defendant Ashore Corp. is directed to obtain counsel by October 29, 2026. Defendant Ashore Corp.'s time to answer or otherwise respond to the complaint is extended *nunc*

*pro tunc* to October 29, 2026. Plaintiff's Request for Entry of Default (Doc. 9), to the extent it seeks relief from the Court, is denied.

The Clerk of Court is respectfully requested to terminate the motions pending at Docs. 9 and 10.

Plaintiff is directed to email a copy of this Order to Defendant Ashore Corp.

**SO ORDERED.**

Dated: September 29, 2026
White Plains, New York

HON. PHILIP M. HALPERN
United States District Judge